**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Frederick John Stahmer,<br><br>　　　　　　Defendant. | No. CR-21-00793-001-TUC-SHR (BGM)<br><br>**Order Accepting R&R Re: Defendant's Motion for Bill of Particulars (Doc. 121)** |

　　　　Pending before the Court is a Report and Recommendation ("R&R") (Doc. 121) issued by United States Magistrate Judge Bruce G. Macdonald recommending the Court deny Defendant's Motion for Bill of Particulars (the "Motion") (Doc. 65). Defendant filed an Objection (Doc. 126). For the reasons below, the R&R is accepted over Defendant's Objection.

## I.　　STANDARD OF REVIEW

　　　　When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps.*

*Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

## II.    BACKGROUND

On April 21, 2021 Defendant was charged by Indictment with four counts of wire fraud. (Doc. 1.) The six-page Indictment states, in pertinent part,

> On or about each of the dates set forth below, in the District of Arizona and elsewhere, for the purpose of executing the scheme described above, defendant Frederick J. Stahmer caused to be transmitted by means of wire communication in interstate commerce the signals and sounds describe below for each count, each transmission constituting a separate count:
>
> | Count | Date | Type of Transmission |
> |---|---|---|
> | 1 | May 4, 2016 | $25,000 wire transfer from Old Union Bank to the Chase Bank account of Frederick Entertainment, Inc. on behalf of Victim 1. |
> | 2 | June 2, 2016 | $50,000 wire transfer from Old Union Bank to the Chase Bank account of Frederick Entertainment, Inc. on behalf of Victim 1. |
> | 3 | August 24, 2016 | $80,000 wire transfer from Old Hickory Credit Union to the Well Fargo bank account of Frederick Entertainment, Inc. on behalf of Victim 2. |
> | 4 | September 9, 2016 | $35,000 wire transfer from Old Hickory Credit Union to the Wells Fargo bank account of Frederick Entertainment, Inc. on behalf of Victim 2. |
>
> All in violation of Title 18, United States Code, Sections 1343.

(*Id.* ¶ 14.)

The indictment describes "the Scheme" and the "Manner and Means" with time frames. (*Id.* ¶¶ 8–13.) Paragraph seven of the Indictment states, "In the three years from

2013 to 2016 after Stahmer's rock concert promotion business expanded, it did not have a net profit, and the business during that time period was more losing money rather than making money." (*Id.* ¶ 7.) Paragraph ten of the Indictment states,

> Even though Stahmer's business was not making money in the period from 2013 to 2016, Stahmer claimed to existing and potential investors that both his business and his concerts were profitable. To this end, he generated multiple profit and loss statements that either overstated profits or understated losses to induce new investors to participate or to conceal from existing investors the true state of their investments. By doing so, Stahmer was able to obtain monies that he would not have otherwise received, and to avoid making disbursements of profits that he [sic] not actually made [. . . .]

(*Id.* ¶ 10.)

On March 17, 2023, Defendant filed a Motion for Bill of Particulars arguing "the Court should order the government to provide a bill of particulars listing all alleged victims it intends to call to support the alleged scheme to defraud, and the alleged manner and means of the scheme." (Doc. 65 at 2, 5–6.) Defendant argued failure to provide this information violated his Sixth Amendment rights because "there are approximately 40 alleged victims not named in the indictment" and he needed the requested information to "adequately investigate and prepare" his defense. (*Id.*) After an evidentiary hearing on the Motion, (Docs. 102, 109) Judge Macdonald issued his R&R recommending the Court deny Defendant's Motion because Defendant did not seek leave before filing his Motion, Defendant delayed filing his Motion for approximately two years, and the Indictment is sufficient because "it sets forth all the elements necessary to constitute the offen[s]e intended to be punished, including the language of the statute itself." (Doc. 121 at 7.)

Defendant filed an Objection re-arguing the government needs "to disclose witnesses and how each fits into the means and manner of the scheme to defraud . . . ." (Doc. 126 at 1.) According to Defendant, "the Court can order the government to disclose [a bill of particulars] as soon as practicable to avoid surprises at trial" even if he did not seek leave to file such a motion. (*Id.* at 1–2.)

The Government filed a Response arguing Defendant's Objection is improper because it seeks more than a defendant is entitled to; it seeks the witnesses and evidence the government will use, rather than the theory of the government's case. (Doc. 131 at 1.) The government also argues Defendant does not challenge Judge Macdonald's conclusion that the Indictment satisfied controlling Supreme Court authority and that the Motion fails to comply with Rule 7(f) of the Federal Rules of Criminal Procedure. (*Id.* at 1–2.)

### III. LEGAL STANDARD

The Sixth Amendment preserves a defendant's right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Under Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars" if made "before or within 14 days after arraignment or at a later time if the court permits." A bill of particulars is used to remedy vague indictments and entitles the defendant to the theory of the government's case, but not to all the evidence it intends to produce. *United States v. Giese*, 597 F.2d 1170, 1180–81 (9th Cir. 1983). Typically, "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983). However, such an order is not appropriate if there is a sufficient indictment. *See United States v. Chenaur*, 552 F.2d 294, 301–02 (9th Cir. 1977).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

### IV. ANALYSIS

Here, the only specific objection Defendant makes is the Court *can* order the government to disclose a bill of particulars even if he did not seek leave to request a bill of particulars as required by Rule 7(f). However, Defendant cites no authority to support this proposition. Nevertheless, even if the Court could order this disclosure and disregard the Rule 7(f) requirement as Defendant contends, it does not mean it must. Defendant does not

object to Judge Macdonald's conclusion that the Motion for Bill of Particulars should be denied because the Indictment was sufficient. Consequently, the Court need not address this matter any further and the argument is meritless because the Indictment is sufficient. *See Reyna-Tapia*, 328 F.3d at 1121 (The Court will only address the statements contested in the Objection.).

Accordingly,

**IT IS ORDERED** Magistrate Judge Bruce G. Macdonald's Report and Recommendation (Doc. 121) is **ACCEPTED** in its entirety.

**IT IS FURTHER ORDERED** Defendant's Motion for Bill of Particulars (Doc. 65) is **DENIED.**

Dated this 11th day of July, 2023.

Honorable Scott H. Rash
United States District Judge